## IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI NORTHERN DIVISION

DEBORAH ANN PRUITT,                                        PLAINTIFF

**vs.**                              **CIVIL ACTION NO. 3:19-cv 00667- CWR-FKB**

SIMPSON COUNTY, ET AL.                              DEFENDANTS.



### PLAINTIFF'S THIRD AMENDED COMPLAINT
### (TRIAL BY JURY REQUESTED)

**NOW COMES** the Plaintiff, Deborah A. Pruitt, and files this Complaint against

the Defendants, Simpson County Sheriff Department (the "County"), by and through its

agent and served acting in its official capacity, Simpson County Sheriff Department (the

"Department"), by and through its agent and served acting in its official capacity,

Donald O'Cain (the current "Sheriff"), by and through its agent and served acting in its

official capacity, and deputies Kathryn Elizabeth Sundeen-McMillan and John

Kilpatrick ("McMillian")-("Kilpatrick") and in their individual and official capacity and

for cause would show the Honorable Court as follows:

### NATURE OF THE ACTION

1. This is an civil action brought by Plaintiff against SIMPSON COUNTY for

SIMPSON COUNTY SHERIFF DEPARTMENT, SHERIFF DONALD O'CAIN,

KATHRYN ELIZABETH SUNDEEN-MCMILLAN, JOHN KILPATRICK, assault, illegal

search and seizure, unlawful arrest(s), harassment, stalking, due process, falsifying of

evidence, falsifying and backdating government document(s), malicious prosecution,

negligent, hiring/training in their official and personal capacity under the color of law in violation of my individual right under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and in violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

2.  Plaintiff alleges that the Chancery Clerk, Tommy Lee Harvey ( "Harvey"), who is responsible for the dairy operations of SIMPSON COUNTY and Sheriff, Donald O'Cain ("O'Cain"), delegated with the authority for setting polices, including training of the Simpson County Deputies, had a duty, but failed to implement and/or enforce policies, practices and procedures for the Simpson County Sheriff Department ("SCSD") that disrespected and violated Plaintiff's constitutional rights protection under the law.

## PARTIES

3.  Plaintiff, Deborah Pruitt, is a competent adult and citizen of the United States and a resident of Dallas, Dallas County, Texas – mailing address: P. O. Box 425, Lancaster, Texas 75146-0425.

4.  Defendant, Simpson County, Mississippi, may be served with process through Tommy Lee Harvey and the President of the Simpson County Board of Supervisors, Micky Berry at 111 E. Pine Ave #2 Mendenhall, Mississippi 39114.

5.  Simpson County Sheriff Department, may be served with process through Tommy Lee Harvey and the President of the Simpson County Board of Supervisors, Micky Berry at 111 E. Pine Ave #2 Mendenhall, Mississippi 39114.

6.  Defendant, Donald O'Cain ("Defendant O'Cain"), Chief Law Enforcement Officer for the Simpson County Sheriff Department, and was and is responsible for the deputies, practices, customs, procedures, deliberate indifference, and negligence of Defendants McMillan, and Kilpatrick, el cetra. Defendant O'Cain is of full age of majority and upon information and belief a resident of the Southern District of Mississippi. He is sued in his official and capacity, is the current sheriff of Simpson County, Mississippi. He was a policy maker for SCSD relating to the practice, polices, customs, and procedures of deputies and administrative personnel. Sheriff O'Cain and may be served with process at 111 E. Pine Ave #3, Mendenhall, Mississippi 39114.

7.  Defendant, Kathryn Elizabeth Sundeen- McMillan ("Deputy), is a resident of the State of Mississippi and may be served with process at 111 E. Pine Ave #3, Mendenhall, Mississippi 39114. She is being sued in its official and personal capacity.

8.  Defendant, John Kilpatrick ("Deputy") is a resident of the State of Mississippi and may be served with process at 111 E. Pine Ave #3, Mendenhall, Mississippi 39114. He is being sued in its official and personal capacity.

**JURISDICTION AND VENUE**

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U. S. C.§ 1343; 28 U. S. C. § 1131 as this action is brought under, inter alia, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U. S. C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provision. Plaintiff further invokes the supplement

jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate false and misleading charges arising due to fraud upon the court. This court has jurisdiction over the parties and the subject matter of this suit.

10.  Venue is proper in this court because the causes of action occurred within the Southern District of Mississippi, Northern Division.

## STATE ACTION

9.  To the extent applicable, Defendants McMillian and Kilpatrick was acting under the color when they subjected Plaintiff to the wrongs and injuries hereinafter set forth.

## NOTICE OF CLAIMS

11.  On August 13th, 2018, Mar 31st and April 1st, 2019, Plaintiff caused to be delivered by email and certified U. S. mail to the Defendant, Simpson County, Mississippi, a Notice of Claim regarding the act(s) and/or omission(s) set forth herein pursuant to 42.U. S. C. § 1983, 42 U. S. C. § 1985, Miss Code Ann. § 11-46-11, and any and all applicable state or federal common law causes(s) of action. On May 16th and May 17th, 2019, the Notice of Claim was delivered to Tommy Lee Harvey and Mickey Berry, respectively, by email and by certified U. S.  mail. To this day, no one has responded by email or U. S. mail to this notice in writing or otherwise. Plaintiff submits that notice of claim letter has been on file and Defendants were served notice at least One-Hundred and Twenty (120) days prior to filing this suit.

## FACTS

12.  On January 3rd, 2015, Plaintiff was within the jurisdiction limits of Simpson County, Mississippi. Plaintiff vehicle became stuck on the property of 298 Old Pinola Braxton Rd, Braxton Mississippi 39044-4312. Plaintiff walked to get assistance due to the darkness since the homeowner was not there. Upon on walking from private property, Plaintiff flagged down a vehicle, the vehicle was driven by deputy McMillan, of the Simpson County Sheriff Department. Plaintiff requested assistance to be driven to a family member in the area. Once at their house the light were off. Plaintiff was then taken to the Simpson County 911 Center where she was interrogated by Kathryn McMillan, John Kilpatrick, Marvin Miller, after she for not getting out at the house she was taken to.

13.  Plaintiff was forced to take McMillan, with the assistance of the three other deputies to where the vehicle was stuck. Upon on arriving were Plaintiff's vehicle was stuck, McMillan keep Plaintiff locked inside of the backseat. Kilpatrick then opened backseat door and forcibly took Pruitt's key and searched her vehicle without her consent.  Kilpatrick claimed that he had found marijuana inside of the vehicle.

14.  Plaintiff was immediately taken out of the vehicle and handcuffed by McMillan without explanation.  McMillian and Kilpatrick were made aware of their wrongdoing by Marvin Miller, and that's when McMillan took handcuffs off Plaintiff.

15.  McMillan then knee kicked Plaintiff in her back as she walked away after being unhandcuffed.

16.  Plaintiff was then released to leave after homeowner arrived. Once Pruitt arrived at her a family member's house, she looked side of her into purse and discovered a citation for drug paraphernalia had been written by McMillan without Plaintiff's knowledge.

Copies of citation that was placed inside of Plaintiff pocketbook dated January 3rd, 2015 and is incorporated herein by reference and attached as Exhibit "**A**".

17.  On January 6th, 2015, Plaintiff returned to Simpson County Sheriff's Department to file a complaint against Kathryn Elizabeth Sundeen-McMillian regarding the drug paraphernalia citation that was placed into my purse without my knowledge by McMillian, unlawfully search and assault.

18.  Within ten minutes after arriving Plaintiff was informed by former undersheriff Will Carol that I would have to wait to make my complaint. After waiting for over two hours Plaintiff became uneasy and left the Sheriff Department and headed towards Mendenhall library. Once Plaintiff was walking inside of the library, McMillan pulled up and jumped out of the patrol car dressed in **civilian clothing** and shouted for Plaintiff to stop and walk backwards. Pruitt complied. McMillan then told Pruitt to place her personal belongings on the hood and place her hands behind her back. Pruitt asked on what grounds. Plaintiff was ignored.  Defendant McMillian then placed into the backseat of the patrol car without being informed by McMillan on what grounds. John Kilpatrick was then called to the Mendenhall library. Once arrived Kilpatrick came and took Plaintiff out and questioned me, "had you been drinking" I answered no, he

then tells me if I walked the straight line I would be released. I walked the straight line and was then told that I did not pass it. Plaintiff was manipulated and lied too.

19.  Plaintiff was then told that she had failed "sobriety" test. Pruitt was then unlawfully (kidnapped) arrested and transported to the Simpson County Sheriff Department. Once inside of jail, Plaintiff was presented with a document signed by Ted Blakeney for my blood to be taken. Plaintiff blood was taken without being shown just cause, the warrant that was supported by Oath or affirmation.

> **Rule 41:** "The right of the people to be secure in their persons, houses, paper, and effects, against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things."

20.  Plaintiff was then charged with the following charges: 1) Possession of Paraphernalia, 2) trespassing, 3) false pretense/providing false information, and 4) possession of burglary tools.

21.  On January 6, 2015, Plaintiff was released after posting bond for 1) Possession of Paraphernalia; 2) trespassing; 3) false pretense/providing false information; and 4) so-called possession of burglary tools. It was then discovered that Defendant McMillian had backdated the trespassing, false pretense/providing false information, and possession of burglary tools to January 3rd, 2015, to make it appear that Plaintiff had received false and misleading citations on January 3, 2015. The second drug paraphernalia was dated January 6, 2015.

(a) Copies of backed dated citations that Plaintiff posted bond on January 6th, 2015 and is incorporated herein by reference and attached as Exhibit "B".

22.  On March 5th, 2015, Plaintiff appeared in Simpson County Justice Court with her then attorney set for trial. Blakeney stated the trial would be continence, attorney objected, but Blakeney focused the continence. The driving under the influence charge was provided to Plaintiff's then attorney on March 5th, 2015 and not beforehand but received through her attorney that day. Dated the 1/6/2015 but was sworn on 2/9/15, thirty days. New trial was set for September 3rd, 2015 but was canceled its withdraw was done one day before trial. Plaintiff then legal counsel withdrew before set trial.

(a)  Copies of notes, subpoena duces tecum, and emails, is incorporated herein by reference and attached as Exhibit "C".

23.  On November 5th, 2015, Plaintiff appeared in Simpson County Justice Court as requested by Kim Jackson.

24.  Plaintiff was then placed at the end of the docket. Once Plaintiff's name was called I was told the following pending charges/allegations before the Court: 1) possession of drug paraphernalia (2 counts/January 3rd and 6th), 2) driving under the influence, 3) trespassing, 4) false pretense/providing false information, and 5) possession of burglary tools (dismissed). False charge for "burglary tools" was thrown out. Plaintiff was found guilty on false and misleading charges by Ted Blakeney. Plaintiff was then fined $2500.00 but was required to pay $1000.00 of said fine before she could be released. Plaintiff made bond on bias and unfair ruling.

25.  Ted Blakeney signed warrant without being "supported by Oath" or "affirmation" and then presided and ruled over false and misleading charges that was a bias turbinal to bully and take unwarranted money from Plaintiff.

**(a)  Copies of unsigned wavier of right and unjust judgement, is incorporated herein by reference and attached as Exhibit "D".**

26.  On or about November 16th, 2015, Plaintiff hired attorney Jared Tomlinson to appeal Ted Blakeney bias, unlawfully and unfair ruling on false and misleading charges.

27.  On December 3rd, 2015 an agreed order extending time to file notice of appeal" was signed by Jared Tomlinson, Ted Blakeney and Wesley Broadhead for January 15th, 2016.

28.  On or about January 6, 2016, Ted Blakeney signed unwarranted warrant (drug paraphernalia) for failure to appear for Plaintiff's arrest from January 6th to June of 30th, 2016.

29.  On or about January 13, 2016, former attorney filed Motion for Discovery and Inspection, but Motion was ignored by Wesley Broadhead.

30. On or about June 30, 16, warrants were cancelled after phone and threat of lawsuit on the County of Simpson.

30.  On or about September 21, 2016, Jared Tomlinson submitted its motion to withdrew after request from Plaintiff. Order allowing counsel to withdraw was granted on November 2, 2016 and signed by Circuit Court Judge Stanley A. Sorey.

(a) Copy of agreed order, warrant, notice of appeal, motion for discovery, cancel warrant, motion to withdraw and order allowing counsel, and is incorporated herein by reference and attached as Exhibit "E".

## COVER-UP

31.  Plaintiff was told to appear in Circuit Court on January 4, 2017, by Judge Sorey former assistance Amber; so that Plaintiff could be granted motion for continence to prepare for trial as *pro se*.

32.  On January 4, 2017, Plaintiff was kidnapped again by Kathryn Elizbeth Sundeen McMillan from the Simpson County Circuit Court as court officials watched.

33.  Once inside of the jail deputy James Morehead tried to get Plaintiff to sign a blank backdated "No Contract Order" dated September 22nd, 2016. Plaintiff refused. Plaintiff was then charged with stalking, harassing and simple assault by threat. Plaintiff was immediately bonded out.

(a) Copies of "court docket" for January 4th, 2017 and "no contact order" dated September 22nd, 2016 and is incorporated herein by reference and attached as Exhibit "F".

34.  On October 10th, 2017, Plaintiff was found not guilty on possession of drug paraphernalia (2 counts/January 3rd and 6th), driving under the influence, trespassing, and false pretense/providing false information after repeated continuance. Order had to be amended on February 22, 2018, because the charges were not dismissed because the cases had sat on the court's docket for over 24 months. The dismissal was favored because

there was no just cause of Defendants malicious abuse of power as public servants. Severely corrupt and incompetent city prosecutor Wesley Broadhead continued to delay process for three years, coerced every attorney not to properly represent Plaintiff and upon trial it then refused to follow court order to release unmerited fine of $1000.00 that was rightfully owed to Pruitt after Court Order.

**(a) Copies of motion invoking discovery, agreed order for continuance, order of dismissal, amended order, order granting expungement of record and motion to compel, is incorporated herein by reference and attached as Exhibit "G".**

36.  On or about March 28, 2018, Wesley Broadhead, submitted order of continence for trial set for September 4, 2018, for January 4, 2017, false and misleading charges (six months out); however, there was no trial.

**(a) Copy of order of continuance, is incorporated herein by reference and attached as Exhibit "H".**

37.  On or about September 6, 2018, Plaintiff was not found guilty on simple assault that was sworn in on August 2016, but guilty of stalking that was sworn in on January 2015. January 6, 2015 is when McMillian intentionally begin stalking and harassing Plaintiff after my attempt to file a valid complaint. Plaintiff was found guilty on a false charge that contradicts the Mississippi Code Section 97-3-107.

38.  On or about September 12, 2018, Plaintiff then attorney filed "motion for new trial", due to unfair ruling and tricky due the bias tribunal, but Plaintiff's motion for

new trial was quickly denied on January 18, 2018 signed by corrupt and incompetent city prosecutor Wesley Broadhead and Sorey.

**(a) Copies of "original final judgment submitted on September 6, 2018, motion for new trial and amended final judgement with only Broadhead and Sorey signatures and is incorporated herein by reference and attached as Exhibit "I".**

39.  On September 6, 2018, Plaintiff was entitled to appeal bias and unjust ruling within 30 days but was quickly deprived of my right again by Wesley Broadhead and Sorey to cover-up Simpson County official's corruption - thinking Plaintiff was going to go away quietly.

40.  On or about September 22, 2016, McMillian filed a January ___ 2015, sworn Affidavit stamped dated September 26, 2017 (one year and two days from written sworn affidavit) and its August ____ 2015, sworn affidavit stamped dated  October 4, 2017 (two years from written sworn affidavit). Plaintiff was the one being stalked and harassed. From January 3 and 6, 2015 is when McMillian begin stalking Plaintiff before [i]t kidnaped me and placed four additional false and misleading trumped-up charges on January 6, 2015.

41.  McMillian submitted its false and misleading sworn Affidavit for "stalking" with blank day for January 2015; and then submitted its second false and misleading sworn Affidavit for "simple assault by threat "with blank date for August 2016. These Affidavits were not presented during September "6, 2018, trial. McMillian and Kilpatrick

Affidavits were groundless and without probable and filed with malicious intent to cause Plaintiff extreme harm.

(a) Copies of "false and misleading written sworn Affidavit for stalking and simple assault by threat and is incorporated herein by reference and attached as Exhibit "J".

42.  Warrants was issued by Ted Blakeney and Eugene Knight under the direction of Wesley Broadhead an official of Simpson County which was no mistake but knowingly and intentionally done to cause Plaintiff extreme harm.

- Possession of Drug Paraphernalia - dated 1/6/2015 - court date: 11-05/2015, presiding judge Ted Blakeney; and DUI 1st Offense - dated 1/06/2015 - court date: 11/05/2015, presiding judge Eugene Knight.
- Possession of drug paraphernalia – dated 1/3/2015 – court date: 11/06/2015; Trespassing, Simple – dates 1/3/2015 – court date: 11/6/2015; and Giving false information – date 1/3/201- court date: 11/6/2015, presiding judge Ted Blakeney.

## ASSAULT

43.  Plaintiff incorporates herein the allegations set forth in paragraphs 12 through 12 of this Complaint set forth herein their entirely.

44.  Defendant McMillian intentionally and without consent caused Plaintiff apprehension harmful bodily contact.

45.  As a proximate result of the forgoing, Plaintiff suffered bodily harm, substantial physical and emotional pain.

### DEPRAVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

46.  Plaintiff incorporates herein the allegations set forth in paragraphs 12 through 40 of this Complaint set forth herein their entirely.

47.  The Defendants, exercising their authority and acting under the color of law in their capacity as public officials and as representatives for Simpson County, unlawfully subjected Deborah A. Pruitt to unconstitutional acts.

48.  At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with the and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of law, these Defendants commenced to engage in a course of repeated harassment, stalking, false charges to false imprison and a policy, custom, usage, plan, practice, and/or design wherein the right, privileges and immunities of Plaintiff were violated. Specifically, these Defendant, jointly and severally, engaged in a course of conduct that resulted in the following the rights to which the Plaintiff was entitled:

(a)   right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

(b)  right against unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article 3 § 32 of the Mississippi Constitution;

(c)  right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the Mississippi Constitution.

(d)  right to be free from cruel and usual punishment pursuant to the Eight and Fourteenth Amendment of the United States Constitution and Article 3 § 28 of the Mississippi Constitution.

49.  The violation complained of in this Complaint for depravation of identifiable civil rights of Plaintiff include, but are not limited to wanton and/or negligent unlawful detention, false imprisonment, and other acts and/or omissions by these Defendants, named and unnamed, to inflict pain, humiliation and/or injury upon Plaintiff with deliberate indifference to the immediate, grave, and serious violation of Plaintiff's scared rights to liberty and freedom.

50.  As direct and proximate result of the violation of my constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this complaint and is entitled to relief under 42 U.S.C. 1983, along court cost to bring to suit and prosecution pursuant to U.S.C. § 1988.

## CIVIL LIABILITY FOR FALSE AFFIDAVITS

51.  Plaintiff incorporates by reference paragraphs 12 through 40 as if fully set forth herein. 12

52.  Pursuant to Federal Rule of Civil Procedure 41(b), Warrant on Sworn Testimony, the judge may wholly or partially dispense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances. "Before a warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause. Because "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant," a complain that an officer knowingly filed a false affidavit to secure an arrest warrant states a claim under section 1983 or *Bivens*. **And, where an officer knows, that she or he has substantially misled a magistrate on the basis for a finding of probable cause, the shield of qualified immunity is lost."**

53.  On or about January 6, 2015, Ted Blakeney signed Kilpatrick false and misleading affidavit for unreasonable search and seizures for driving under the influence without sworn testimony under oath that would establish probable cause for warrant for driving under the influence. Defendant Kilpatrick claimed on driving under the influence that he stopped Plaintiff at 12:46 on Hwy 149. Plaintiff was never stopped on January 6, 2015 or has never been stopped by any law enforcement agency in the State of Mississippi as of this day of December 3, 2019.

54.  On or about in September of 2016, Ted Blakeney and Eugene Knight signed McMillian concocted and backdated false and misleading affidavits - that was filed on October 4, 2017, to help cover-up McMillian repeated malicious misconduct toward Plaintiff before October 10, 2017 trial that claimed to be dismiss due

55.  Both affiants were knowingly and deliberately with a reckless disregard for the truth, made false statement which created a falsehood in applying for warrants.

## CONSPIRACY TO INTERFRERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985

56.  Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 40 of this Complaint set forth herein their entirely.

57.  At all times material hereto, the Defendants and their agents, representatives and employees did conspire to deprive Plaintiff of her rights, privileges and immunities guaranteed by the United States and the Mississippi Constitution.

58.  Defendants conspiracy to engage in the above conduct resulted in the violation of Plaintiff's rights as outlined above.

59.  As direct and proximate result of the violation of Defendant(s) vile conduct, Plaintiff suffered general and special damages including pain, suffering, humiliation, degradation and server emotional and mental anguish and distress and is entitled to relief under 42 U.S.C. § 1983, along with court cost to bring to suit and prosecution pursuant to U.S.C. § 1988.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60.  Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 40 of this Complaint as set forth herein their entirely.

61.  The act(s) and/or omission(s) of the Defendants on the date(s) and time(s) in question in denying my civil rights caused Plaintiff reasonably foreseeable severe emotional distress through their negligent conduct.

62.  The negligent conduct perpetrated upon Deborah Ann Pruitt was vile, traumatic, and disturbing repeated events, which caused the Plaintiff to suffer serious emotional anguish.

63.  The act(s) and/or omissions of the aforementioned Defendants constitute negligent infliction of emotional distress as defined under Mississippi law and were each a proximate cause of the injuries of the Plaintiff as well as damages and losses sustained by the Plaintiff.

## UNLAWFUL DETENTION AND CONFINEMENT

64.  Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 40 of this Complaint as set forth herein their entirely.

65.  As a result of their concerted repeated unlawful and malicious detention and confinement of the Plaintiff at Mendanhall library, Simpson County Justice Court and Circuit Court, Defendants deprived me of my rights to liberty without due process of law and the equal protection of the laws and the course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

66.  As a direct and proximate result of the violation of my constitutional rights by the Defendants, Plaintiff suffered and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. 1983, along with court cost pursuant to U.S.C. § 1988.

## STRICT LIABILTIY

67.  Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 40 of this Complaint as set forth herein their entirely.

68.  As a direct and proximate result of the violation of my constitutional rights by the Defendants, Plaintiff suffered and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. 1983, along with court cost pursuant to U.S.C. § 1988.

## DAMAGES

69.  Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 40 of this Complaint as set forth herein their entirely.

Plaintiff prays for judgment against Defendants, as follows:

(a)  For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages sustained, including, but not limited to, the emotional damages, physical pain and suffering, and any other damages to which I am entitled to recover under the facts and law of this case.

(b)  For all general and special damages caused by the conduct of Defendants;

(c)  For the costs of litigating this case;

(d)  For punitive damages for violation of federal constitutional rights against all of the Defendants in their individual capacities sufficient to punish them for their egregious conduct and to deter the Defendants and other agencies from ever repeating such atrocities; and

(e)  For all other relief to which Plaintiff asserts she is entitled by Mississippi and Federal Law.

**"Qualified immunity 1983 is a legal doctrine in United States federal law that shields government officials from being sued for discretionary actions performed within their official's capacity, unless their actions violated "clearly established" federal law or constitutional rights."**

70.  Defendant McMillan and Kilpatrick filed groundless criminal affidavits without probable cause for malicious prosecutions and abuse of process.

71.  Defendants McMillian and Kilpatrick embarked on willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiff to suffer extreme and mental and emotional distress, agony and anxiety.

72.  Defendants McMillian and Kilpatrick engaged in malicious misconduct that clearly violated "clearly established" federal law and my constitutional rights and all must be held accountable according to federal law and Plaintiff's constitutional rights.

**Exhibits A- J (1-50).**

PLAINTIFF'S THIRD AMENDED COMPLAINT

## CONDITIONS PRECEDENT

Plaintiff reserves her rights to plead and prove the damages to which she is entitled to at the time of trial. All conditions to Plaintiff's recovery have occurred and have been performed.

## TRIAL BY JURY

Plaintiff has paid a jury fee and demands trial by jury.

## PRAY

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein under oath and that upon finial trial hereof Plaintiff be entitled to take, have and recover from Defendant(s); for above damages, including actual damages, non-economic, compensatory, exemplary damages, punitive, pre-judgement interest, post-judgement, court cost in the amount of over $500,000.00. Plaintiff also prays for and such other and further relief to which this Court may deem appropriate at law and in equality, to which Plaintiff may show she is justly entitled.

Respectfully submitted,

DEBORAH A. PRUITT - Pro *se*
P.O.BOX 425
Lancaster, Texas 75146-0425
love.d1112@yahoo.com

PRO *SE*

## CERTIFICATE OF SERVICE

I, DEBORAH ANN PRUITT, do hereby certify that I have filed the above and

forgoing *PLAINTIFF'S THIRD AMENDED COMPLAINT* with the Clerk of the Court, and

served a copy via email to the following parties' representatives:

Mallory K. Bland
Mallory.balnd@phelps.com; and

Jason T. Marsh
marshj@phelps.com

**SO CERTIFIED**, this 7th day of December 2019.

**DEBORAH ANN PRUITT**